T.C. Memo. 1997-131


UNITED STATES TAX COURT


FREDERIC W. MERCER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1666-95.                    Filed March 12, 1997.


Frederic W. Mercer, pro se.[1]

<u>Donald E. Edwards</u>, for respondent.


MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following
deficiencies in, and additions to, petitioner's Federal income
tax:

---

[1]  Richard Mildren, who has not been admitted to practice before
this Court, appeared on behalf of petitioner.  Based on Mr.
Mildren's representation that he possessed the requirements
needed to be admitted to practice before this Court, we specially
recognized him to represent petitioner at trial.

|       |            | Additions to Tax |           |
|-------|------------|------------------|-----------|
| Year  | Deficiency | Sec. 6651(a)(1)[2] | Sec. 6654 |
| 1986  | $11,553    | $2,888.25        | $558      |
| 1988  | 15,174     | 2,956.50         | 731       |
| 1990  | 15,187     | 3,189.25         | 997       |
| 1991  | 25,369     | 5,342.25         | 967       |

The issues remaining for decision are:[3]

(1)  Is petitioner entitled to a net operating loss deduction for each of the years at issue that is attributable to an alleged net operating loss carryover from his taxable year 1985?  We hold that he is not.

(2)  Is petitioner liable for each of the years at issue for the addition to tax under section 6651(a)(1)?  We hold that he is.

(3)  Is petitioner liable for each of the years at issue for the addition to tax under section 6654?  We hold that he is.

Some of the facts have been stipulated and are so found.

Petitioner resided in Laguna Beach, California, at the time the petition was filed.

Petitioner, who used the cash method of accounting for each

_____

[2]  All section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[3]  In the stipulation of facts in this case, petitioner conceded all of the income determinations in the notice of deficiency (notice) for each of the years at issue except a determination described in the notice as a "capital gain/loss adjustment" in the amount of $45.  At trial, petitioner presented no evidence and made no argument about that determination, and we conclude that he does not dispute it.

of the years 1986, 1988, 1990, and 1991, failed to file a Federal income tax return for any of those years.

Although the record does not disclose the exact nature of his activities, during the 1980's, petitioner was involved in real estate, real estate investments, and real estate securities.

Petitioner has the burden to show that he is entitled to the net operating loss deductions that he is claiming and that he is not liable for the additions to tax determined under sections 6651(a)(1) and 6654.  Rule 142(a).

Except for his general and conclusory testimony that he had a net operating loss of approximately $55,000 for his taxable year 1985, petitioner has presented no evidence to establish the income that he had and the expenses to which he is entitled for 1985, and consequently he has not shown that he had a net operating loss for that year.[4]

Petitioner presented no evidence and advanced no argument regarding the additions to tax determined in the notice.

On the record before us, we find that petitioner has failed to show that he is entitled to the net operating loss deductions that he is claiming for the years at issue.  We further find that

---

[4]  Assuming arguendo that petitioner had established that he had a net operating loss for 1985, he has not shown (1) that that loss was not fully utilized when it was carried back to each of the three years preceding 1985 as required by sec. 172(b)(1)(A) or (2) that he made an election to relinquish the carryback of that loss pursuant to sec. 172(b)(3)(C).

he has failed to establish error in respondent's determinations under sections 6651(a)(1) and 6654. Accordingly, we reject petitioner's claim for net operating loss deductions for the years at issue and sustain respondent's determinations imposing the additions to tax under sections 6651(a)(1) and 6654 for those years.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.